IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSE AYALA, individually &
on behalf of all similarly situated,

    Plaintiff(s),

                                      Case No. 16-cv-367

v.

STARTEK WORKFORCE SOLUTIONS, LLC

    Defendant.

## COMPLAINT

### Introduction

    1.    This is an action for failure to pay overtime wages pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

    2.    The Plaintiff, Jose Ayala, sues Defendant, Startek Workforce Solutions, LLC, for unpaid overtime.

    3.    Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

    4.    The Defendant conducts business throughout the nation. *See* Defendant's website, *available at* http://strteks.com/rates/.

    5.    Defendant has violated and continues to violate the FLSA by misclassifying its "installers" as "independent contractors" and refusing to pay them overtime premiums.

6. Misclassification of employees as independent contractors "deprives employees of critical workplace protections and employment benefits to which they are legally entitled."[1]

7. Misclassification of workers also costs the government billions of dollars in unpaid taxes.[2]

8. Due to the rise in misclassification among the American workforce, the Department of Labor's Wage and Hour Division has launched a nationwide "Misclassification Initiative." *See* http://www.dol.gov/whd/workers/misclassification/.

9. Defendant's misclassification of Plaintiff and other similarly-situated workers puts law-abiding companies at a competitive disadvantage.[3]

10. This lawsuit is intended to cover all installers nationwide, who worked for Defendant during the statutory period, who were misclassified as independent contractors and who were not paid overtime for their hours worked over forty (40) each week.

---

[1] Statement of Secretary of Labor Hilda L. Solis on introduction of legislation regarding issue of misclassification, U.S. Department of Labor, Wage and Hour Division (April 22, 2010), *available online at* www.dol.gov.

[2] Annual Report of the White House Task Force on the Middle Class, Executive Summary at "v" (February 2010), available online at http://www.whitehouse.gov/strongmiddleclass/reports.

[3] *See supra* note 2 at pg. 21.

Statement of Facts

11. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

12. Venue is proper as acts and omissions giving rise to Plaintiff's claims occurred in Madison, Wisconsin, among other cities and states.

13. Defendant is a Texas limited liability company.

14. Defendant claims to be "a leader in providing workforce for installation Advanced Video, High Definition Programming, Digital Video Recording, High-Speed Internet and Telephone Services."

15. Defendant asserts that its "talented technicians and corporate structure" permit expansion.

16. Defendant is only as strong as its workforce.

17. Defendant relies upon its installers, which are also referred to as technicians.[4]

18. Defendant's employees regularly communicate across state lines in the performance of their duties.

19. Defendant has two or more employees who use the internet in the performance of their duties.

20. Defendant has two or more employees who use interstate mail and telephone lines in the performance of their duties.

---

[4] The term installer and technician are used interchangeably.

21. Defendant has two or more employees who regularly handle Defendant's cable products and installation equipment during the performance of their duties.

22. Defendant has over 100 technicians in the field. *See* Defendant's website, *available at* http://strteks.com/about-us/.

23. In 2015 Defendant grossed more than $500,000 in sales or business done.

24. In 2014 Defendant grossed more than $500,000 in sales or business done.

25. In 2013, Defendant grossed more than $500,000 in sales or business done.

26. In 2012, Defendant grossed more than $500,000 in sales or business done.

27. Defendant is an enterprise engaged in commerce as defined by the FLSA.

28. Defendant's primary business purpose is to bring in the best technicians to its customer base.

29. At all times material, Defendant employed two or more employees engaged in interstate commerce as its employees handled and worked on goods that were moved in the flow of interstate commerce – namely, the tools and raw materials used to provide Defendant's services.

30. Defendant is an "enterprise" as defined by 29 U.S.C. § 203(r)(1).

31. Plaintiff began working for Defendant in Madison, Wisconsin on or about April 23, 2014.

32. In Wisconsin Plaintiff worked in, among others, Madison, La Crosse, Sheboygan and Oshkosh.

33. Plaintiff continued to work for Defendant until on or about April 12, 2016.

34. Plaintiff was an installer for Defendant.

35. Plaintiff's primary job duties were: installation of internet, telephone and cable television.

36. Regardless of location the primary job duties of installers are the same.

37. Plaintiff was required to follow all of Defendant's company policies and procedures.

38. Plaintiff worked for Defendant in Wisconsin, Minnesota, Tennessee, Florida, Tennessee, Maine, South Carolina, North Carolina, New Hampshire, Massachusetts, Oklahoma and Washington.

39. Defendant pays its installers by piece rate.

40. At all times relevant, Plaintiff regularly worked more than forty (40) hours during one or more work weeks, in many cases, more than sixty (60) hours per week.

41. Plaintiff's job required regular and frequent travel.

42. Plaintiff's weekly schedule varied depending on the needs of Defendant's customers.

43. Defendant controlled Plaintiff.

44. Plaintiff did not have the ability to alter or change the terms of his employment contract.

45. Plaintiff did not have the ability to negotiate his rate(s) of pay.

46. Plaintiff did not negotiate his rate(s) of pay.

47. Plaintiff's rate(s) of pay were pre-set by Defendant.

48. Plaintiff relied upon Defendant on job assignments.

49. Plaintiff did not have discretion with respect to the performance of his job assignments and was required to strictly adhere to Defendant's company policies.

50. Defendant required Plaintiff to complete paperwork on a daily basis regarding the work performed by Plaintiff.

51. Plaintiff's job did not require any specialized skills other than those which were learned on the job.

52. The majority of Defendant's employees are required to provide their own transportation for work.

53. Plaintiff's opportunity for profit or loss did not depend on his entrepreneurial skills.

54. Plaintiff's compensation was not guaranteed each week.

55. During the performance of his duties, Plaintiff regularly communicated with Defendant.

56. Plaintiff's compensation was contingent on the quality and pace of his work.

57. Defendant told Plaintiff and others similarly situated that they were "independent contractors" who were not entitled to overtime compensation.

58. Defendant unilaterally deducted amounts from the paychecks of Plaintiff and others similarly situated for "chargebacks," and work supplies.

59. Plaintiff was economically dependent upon Defendant for his livelihood.

60. Plaintiff was not in business for himself.

61. Defendant failed to pay Plaintiff and others similarly-situated time and one half their regular hourly rates for all of their overtime hours worked each week.

62. The persons similarly-situated to Plaintiff for the purposes of this action are all other installers (a.k.a. technicians) nationwide who performed work similar to that of the Plaintiff; who worked over forty (40) hours in one or more work weeks without proper overtime pay; and who were subject to Defendant's company-wide policy and practice of misclassifying their employees as "independent contractors."

63. Plaintiff and all others similarly situated are individually covered by the FLSA by virtue of their regular handling of goods within the flow of interstate commerce (i.e. the raw materials and tools used install and service Defendant's products) as well as their regular interaction with interstate clientele and their

regular use of interstate telephone, fax, and internet in the performance of their duties.

64. Defendant did not maintain accurate records of all the hours worked by Plaintiff and others similarly situated.

65. To the extent they exist, Defendant is in exclusive possession of the majority of the records reflecting the amounts paid and the actual hours worked by Plaintiff and others similarly situated.

66. Defendant did not rely upon any Department of Labor Wage and Hour Opinions in creating the pay structures of Plaintiff and others similarly situated.

67. Defendant did not rely upon the advice of counsel in creating the pay structures of Plaintiff and others similarly situated.

68. Defendant knew, or with the exercise of reasonable diligence could have discovered, that Plaintiff and others similarly situated were working in excess of forty (40) hours per work week because Defendant had access to metadata and other electronic records indicating the actual hours worked by Defendant's installers.

69. Defendants knew their conduct violated the Fair Labor Standards Act or acted in reckless disregard for its provisions.

## Count I – Unpaid Overtime

70. Plaintiff reincorporates and adopts the allegations in paragraphs 1-69 above.

71. Plaintiff was an employee of Defendant.

72. Defendant was Plaintiff's employer as defined by the FLSA.

73. Defendant is a covered enterprise as defined by the FLSA.

74. Plaintiff and others similarly situated are individually covered by the FLSA.

75. Plaintiff and other similarly situated installers regularly worked in excess of forty (40) hours per week for Defendant.

76. Plaintiff and other similarly situated installers are entitled to one and one half times their regular hourly rate for all hours worked over forty (40) each week.

77. Defendant failed to pay Plaintiff and others similarly situated time and one half their regular hourly rate for all hours worked in excess of forty (40) each week in violation of Section 7(a) of the FLSA.

78. Defendant had a uniform policy and practice of failing to pay its installers proper overtime compensation.

79. Defendant had a uniform policy and practice of misclassifying their installers as independent contractors.

80. Plaintiffs suffered harm and continue to suffer harm in the form of unpaid wages as a result of Defendant's violations.

81. Plaintiffs are owed additional compensation in the form of unpaid overtime wages.

82. Defendant's violations of the FLSA were and continue to be willful.

83. Defendant is liable for violating Section 7(a) of the FLSA.

84.	Plaintiff attaches his written consent to be party plaintiff.

Wherefore, Plaintiff, on behalf of himself and all similarly-situated, requests conditional certification of a class of all installers pursuant to Section 216(b) of the FLSA; an order permitting Notice to all potential class members; a declaration that Defendants' policy of classifying its installers violates the FLSA; entry of final judgment in favor of the Plaintiffs; as well as payment of all wages owed, an equal amount in liquidated damages, payment of attorneys' fees and costs, and all other relief as required by 29 U.S.C. §§ 207(a) and 216(b).

### Jury Demand

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 1st day of June 2016,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Florida Bar Number 643971
Christina J. Thomas
Florida Bar Number 74846
Morgan & Morgan
20 N Orange Ave Ste 1600
Orlando, FL 32801
Tel – (407)420-1414
Fax – (407)245-3487

Attorney for Plaintiff(s)